# Kinnard *against* Kinnard.

Executors cannot require security of a legatee for the return of goods specifically bequeathed to him for life, with an executory limitation over ; but if the bequest be of money, with the same limitation over, the legatee will not be entitled to recover it without first giving security to the executors for its return, upon the death of the legatee.

ERROR to the common pleas of *York* county.

Priscilla Kinnard against John Sharp and Thomas Jones, executors of Joseph Kinnard deceased. Upon the death of Joseph Kinnard, his executors delivered to the plaintiff the goods of the testator, and, upon the settlement of their administration account, there appeared to be a balance in their hands, which the plaintiff, as legatee under the will of her husband, claimed to recover in this suit. The only question in the cause was, whether she was entitled to recover without giving security to the executors for the return of the money at her death, for the use of persons to whom it was limited over.

The court below (Durkee, President) was of opinion that the plaintiff was not entitled to recover. The following is the material part of the will of Joseph Kinnard deceased, upon which the question arose.

[Kinnard v. Kinnard.]

" I will and bequeath to my beloved wife Priscilla, all my estate, for and during her natural life; and after the decease of my said wife, it is my will, and I do order my hereafter named executors to make sale (as soon as convenient may be, after her decease) of all the remaining part of my real estate (not heretofore directed otherwise), and convey the same as soon as the purchase money will be paid; also I order and direct that my personal property that may be left at the decease of my wife will be sold, all real and personal, at public sale, and the proceeds arising therefrom, I will and direct to be divided as follows; that is, the one moiety, or half part, to be equally divided, share and share alike, between my nephews William Kinnard, son of my brother Eli deceased, and to Thomas Kinnard, Anthony Kinnard, and Levi Kinnard; and if any of them should be deceased, to their legal representatives. And the other moiety or half part of the residue of my estate, I will and order to the disposal of my said wife, Priscilla, as she may order and direct by her last will and testament, if she should survive me."

*Hamlin*, for plaintiff in error.

*Barnitz*, for defendant in error, cited Barnitz *v.* Eichelber, 17 *Serg. & Rawle* 293; Morris *v.* Failer, 1 *Watts* 390.

The opinion of the Court was delivered by

KENNEDY, J.—It is evident, from the tenor of the will, that the testator intended his wife should have his personal estate *specifically*, because, after giving all his estate, which included his personal as well as his real, to her for and during her natural life, he directs his executors, after her decease, to sell what shall be left of his personal estate at the time thereof, thus showing, plainly, that he wished her to have the use of it in *kind*, during her natural life, and that such part of it as should not be consumed by the ordinary use thereof, but still remained, should, upon her death, be then sold, and not before. As regards that portion of the personal estate consisting of goods, thus specifically bequeathed, where there is, as here, an executory limitation thereof over, after the death of the legatee for life, to another or other persons, though it was the rule, at one time, in England, to require security of him, in all cases, that the goods should not be embezzled, Brackin *v.* Bently, 1 *Ch. Rep.* 110, yet it became the practice there afterwards, which prevailed for some time before our revolution, and has continued to do so ever since, I believe, for the first legatee to be required to do nothing more than to sign and deliver to the second, or to the executors for his use, an inventory of the goods or chattels so bequeathed, acknowledging that they are in his custody for life only, and that afterwards, so far as they should not be necessarily consumed by the use thereof, they are to be delivered, and to remain to the use and for the benefit of the second legatee. Slanning et al. *v.* Style et al., 3 *P. Wms.* 336; Leeke *v.*

Bennet, 1 *Atk.* 471; Bill *v.* Kinaston, 2 *Atk.* 82 ; Foley *v.* Burnel, 1 *Bro. Ch.* 279. But if such circumstances be shown as would render it unsafe to trust the goods, which may be used without consumption or destruction, in the hands of the first legatee, he will be required, before he can receive them, to give security, so as to insure their future delivery to the second legatee. Rous *v.* Noble, 2 *Vern.* 249.

With respect to those things, however, specifically bequeathed for life, *quæ ipso usu consumuntur*, it may, perhaps, be considered a gift of the *absolute property* in them, and, therefore, doubtful, whether the limitation of them over in remainder, to another, be not void; see Randall *v.* Russell, 3 *Mer.* 194; except where the quantity is so great as to make it necessary to convert them, by sale, into money, in order that the first legatee may have the full benefit of them during life; in which case it may be that the residuary bequest would be good, and the first legatee required to give security equal to their cash value, before he could receive them. But, so far as the legacy consists of money, or is to be converted into money, before paid over, it has been the invariable practice to require security of the first legatee, notwithstanding he may be perfectly responsible, and no cause shown to induce a belief that there is danger of his wasting it, and that his estate may not be sufficient to replace it. According to this rule, it was so ordered by this court, in Eichelberger *v.* Barnitz, 17 *Serg. & Rawle* 293. But it has been contended that this case does not come within the rule, because the testator did not so intend it. It is said that he designed his widow should have the right of using the principal, as well as the interest of the legacy, if she should find it necessary or convenient for her support and maintenance; and to show that he so intended it, that clause of the will by which he " directs that his personal property that *may be left*, at the decease of his wife, shall be sold," &c. is relied on; but this direction cannot well be applied to any part of the personal estate, except the *specific* goods bequeathed, and would, therefore, more reasonably seem to mean, when taken in connection with the residue of the will, those things only which should not be worn out or consumed by use. We, therefore, think the judgment of the court below is right.

Judgment affirmed.