## Rodgers *against* Rodgers.

A testator having bequeathed to his wife "all the furniture and other articles which she brought with her that are now in my possession, together with her interest out of my estate, so long as she remains my widow," it was held that she was entitled to the specific articles bequeathed, and also to the interest, during her life, or widowhood, upon the net proceeds of the personal estate, after the payment of debts and specific legacies: and that, upon giving security to the executor to return it, she would be entitled to have the principal upon the same limitation.

ERROR to the common pleas of *Cumberland* county.

This was an action of debt by Jane Rodgers, widow of James Rodgers deceased, against Richard Rodgers, acting executor of the said James Rodgers deceased, for a legacy claimed by plaintiff under the will of said decedent. James Rodgers made a nuncupative will, of which the following is a copy:

"I, being of sound mind and memory, do dispose of all my property, real and personal, as follows: that is to say,

"First; I give and bequeath unto my beloved wife, Jane Rodgers, all the furniture and other articles which she brought with her that are now in my possession, together with her interest out of my estate so long as she remains my widow.

"Secondly; It is my will that all those articles of furniture, bedding or clothing, that were the property of my first wife, now in my possession, shall be given up to my daughter Rachel without charge or account, and further it is my will that all those articles manufactured by my present wife and daughter Rachel, jointly, or in partnership, shall be given up to the latter, without charge or account.

"Thirdly; It is my will that my executors sell all my personal property, except what I have bequeathed to my wife and daughter Rachel, and that the proceeds thereof be applied to the payment of my just debts.

"Fourthly; It is my will that my executors sell my real estate as soon as possible after my decease.

"Fifthly; It is my will that, after all my property, real and personal, is sold, and all my just debts paid, that the remainder be equally divided amongst my children (except Richard, he having released), and it is further my will that, at the final settlement of my estate, my son Robert account for 500 dollars, he having received that amount in his education, which I allow to be equally divided between my daughters Mary and Rachel. I also allow, at the final settlement, my daughter Mary to account for 500 dollars, which I consider her to have received in value.

"Sixthly; It is my will that my son Richard proceed to work out the stock now in the tanyard, and dispose of it, and that he be rewarded for working out and disposing of the same; and further it is my will that my son Richard take the hides which I purchased in Philadelphia, and now lying at Harrisburg, and that he pay for the same. It is my desire that my son-in-law, Isaac Ward, should own my real estate.

"Lastly; I do appoint my son, Richard Rodgers, and William Linn, my executors."

Upon the settlement of the personal estate of the testator, there appeared to be a balance in the hands of his executor of 1839 dollars, 16 cents, subject to distribution under the will. The widow claimed to recover in this the one-third of that balance, in addition to the articles specifically bequeathed to her. Whether she was entitled to recover, depended upon the construction of the will; which was the only question determined by the court.

The court were requested by plaintiff's counsel to charge the jury:

1. That in the construction of the will, effect must be given to every part and provision thereof, if possible; that general words, inconsistent with other parts of the will, must be construed so as to make the whole consistent, and that the fifth provision of the will, in which the testator directs that after all his property, real and personal, is sold, and his debts paid, the remainder be equally divided among his children, will not alter or defeat the former bequest to his widow of her interest out of his estate, so long as she remains his widow.

2. That by the said will of defendant's testator, the plaintiff is entitled absolutely to all the furniture and other articles which she brought her said husband, and which were in his possession at the time of his death, and also to one-third of the balance of the personal estate of the testator remaining after the payment of debts, and the deduction of the specific legacies.

3. That the terms used in said will, in the bequest to the widow (the plaintiff), to wit, "together with her interest out of my estate, so long as she remains my widow," embrace the personal, as well as the real estate of the testator.

4. If the court refuse to answer the second point of the plaintiff in the affirmative, they are then requested to instruct the jury, that the plaintiff is entitled to one-third of the personal estate that

[Rodgers v. Rodgers.]

remains after the payment of his debts, and specific chattel legacies to the widow and others, to hold the same during her widowhood.

To which the court answered,

1. The whole will is to be taken into view.

2. The whole personal estate is distinctly willed away to others than the widow. This is by express and positive terms. If the widow recover, it defeats these express provisions; it diverts the fund from persons to whom it is given in unquestionable terms.

3. The previous implication of a bequest to the widow of any portion of his personal estate, must yield to this express provision.

4. But by the terms of the first clause in favour of the widow, if unexplained, or uncontrolled by the subsequent parts of the will, it is by no means certain that the testator designed any thing to her beyond the personal estate she brought to her husband on marriage, and her interest in the usual manner of the country, upon the fund, upon the value of his real estate. He contemplated his real and personal estate. Out of his personal he gave her what she brought; out of his real, the interest upon its value in the usual way. He no doubt contemplated it as being taken or sold, and the interest of the widow remaining in the land, and the fund to be divided as directed in the will.

5. Not having died intestate as to his personal estate, but intestate as to his real, her interest in his estate, beyond the amount given in the will, may well be construed to be her interest in one-third of the real estate—her dower.

In answer to all the points of plaintiff, we say our construction of the will, taking all the parts together, is, that the testator did not bequeath to plaintiff one-third of the personal estate, so as to enable her to recover it in this suit.

Errors assigned.

1. The court erred in not answering the first, second, third, fourth, and fifth points put by plaintiff's counsel in the affirmative.

2. In instructing the jury, that testator did not bequeath to the plaintiff one-third of his personal estate so as to enable her to recover in this suit.

*Graham* and *Biddle*, for plaintiff in error.
*Watts* and *Alexander*, for defendant in error.

The opinion of the Court was delivered by

HUSTON, J.—Every lawyer and judge have felt the difficulty of coming to a certain conclusion as to the construction of wills. Even where the will was drawn by a professional man, the books show numerous cases in which there has been a contest, not only as to the quantity of estate, but also as to the quantity of property which passes to the several devisees, or legatees. Where the question is, whether the property is given for life, or in tail, or in fee, it is a question of law; but the question of law arising on the effect of

certain words used in a will, and the same words in a deed, has been held to have been properly decided differently. The intention is more attended to in the construction of a will; and the true rule seems to be, that intention, if it can be certainly ascertained, is to govern, unless where that intention is such as that the principles or policy of the law forbid courts to give effect to it; as where there is an intention to give a fee after a fee, or to create a perpetuity.

Still a difficulty often occurs as to what is the intention? It arises from inaccuracy in expression; misconception of the person who writes the will; from some confusion of ideas in the testator; and very often from not stating that a subsequent general disposition of all the property is not to interfere with a previous specific appropriation of part of it.

Thus, in the third clause, in which the testator directs his personal property to be sold, he excepts what had been given to his widow and daughter Rachel: but after, in the fourth clause, directing his real estate to be sold, in the fifth, he says, "It is my will that, after all my property, real and personal, shall be sold, and debts paid, the remainder shall be equally divided among my children, (except Richard who has released,") &c. &c. Nowhere is it manifest, that the words *all* my property, real and *personal*, do not convey the idea or intention of the testator, who evidently meant here the same exception as was expressed in the third clause, viz.: *all*, except what had been given to his wife and daughter Rachel.

So, too, it is conceded that as to the real estate, he contemplated that his widow was to have her third of that, or, as it was to be sold, her third of the 'interest arising from the price of it. On the one side it is said, every body knows a widow has dower out of lands, but every body does not know that a widow, where there is no will, has one-third of the personal estate of a deceased husband. It would be a very unsafe basis, that a court should decide on a supposition of greater or less legal knowledge in unlearned *testators*: perhaps the truth is the converse of what is made the ground of the above argument; though there may not be a general knowledge that, by a will, she can be deprived of any share of the personal estate.

But, on the words of this will, we have seen that an exception must be made to the general gift of all his property, real and personal, in the fifth clause. Why? Because he had given part of the personal expressly in the first and second clauses, and expressly excepted it in the third (though the exception is omitted in the fifth); and because every body must see there was no intention to revoke these prior gifts of particular specified personal property to his widow, and Rachel; and the intention to carry the exception in the third clause into the fifth, is so apparent as not to be mistaken.

The first clause is; "I give and bequeath to my beloved wife, Jane Rodgers, all the furniture and other articles which she brought with her, that are now in my possession, together with her interest out of my estate, so long as she remains my widow." It will not do to stop

[Rodgers v. Rodgers.]

at the word "possession."   "*Together with her interest in my estate,*" is not surplusage; it is an addition to what went before, and it is as expressly given and bequeathed to her, as the personal property she brought when married.   It is said not to be so expressly designated. Her interest in my estate means something: it means, either the interest in my estate which she would have if I died intestate; or it means, such interest in my estate as the law will give her, beyond my control.   Can we adopt the latter construction?   Can we suppose in the first part of the sentence the testator gave her more than the law gave her, in case of his intestacy, and in the last clause meant to say, I do not give her any thing of which I can deprive her?   We think not.   The devise of certain specific property to Rachel is in addition to her share under the fifth clause.   We believe that the intention of the testator, and the effect of this will are, that to his widow and his daughter Rachel he gave what they would not have had, if he had died intestate; and that this was to be in addition to their share in case of intestacy, and his intention was, that, with this exception, his estate should go as if he had made no will.   The statement that some children should be charged with the advancement made to them is consistent with this.   Richard's release to his father would have been as valid, in case of his intestacy, as it is under this will.

There remains, however, another matter.   Although we have affixed a meaning to the words, "together with her interest in my estate," "so long as she remains my widow," are also added; we add, that the property she gets is limited as to its duration in her possession by the latter words.   His intention was, that she should have (in addition to what she brought to him) the same quantity of his estate which she would have had if he had died intestate; but he limits the continuance of her interest in this to her widowhood. As to the one-third of his personal estate then, she does not take it absolutely, but, *as it is turned into money,* she will have a right to the interest of one-third of the personal estate which remains after payment of debts, so long as she continues his widow; or a right to the principal, on giving the executor satisfactory security that the principal shall be restored on her death or marriage.   It was truly considered that this nuncupative will was void, as to the real estate; and it descends and goes to the widow as if no will had been made: but we cannot suppose that the decedent knew this; and we have construed the will by his apparent intention when it was made.   We have nothing else by which to form a decision.   Were we to go into conjecture as to what he would have said, if he had known this, it might be making a disposition of which he never dreamed.

Judgment reversed, and *venire de novo* awarded.