## Lantz *versus* Trusler.

*Construction of Devise.*— *The word " Children" construed to mean "Issue."*— *Vested Remainders.*

1. A testator devised to his daughters Catharine and Dorothea, " all his real estate, wherever the same may be," equally to be divided between them, to have and to hold the same during their natural lives respectively. The moiety devised to each of said daughters, he devised to such children as each of them should leave living at her death, with the further proviso that if either should die without leaving issue living at her death, the surviving daughter should inherit the other moiety ; and the children of the survivor, living at her death, should have the whole of the real estate from the death of their mother, their heirs and assigns for ever. Catharine left no child living at her death, but left five grandchildren, the children of a daughter who had died before her. Dorothea died, leaving children surviving her : *Held*, that the two daughters took life estates only, and their children vested remainders in fee on condition of their surviving their mothers or leaving issue surviving them.

2. The law requires that estates shall vest as soon as there is any one in existence who can take ; and once vested, they will not be defeated upon any doubtful implication or condition.

ERROR to the Common Pleas of *Greene county*.

This was an action of ejectment by Andrew Lantz, Jr., and others, heirs-at-law of Andrew Lantz, Sr., deceased, against Samuel Trusler,.for 150 acres of land, in Whitely township. The case was this :—Henry Soonover, deceased, by his will dated 20th April 1809, and proved January 22d 1812, devised all his real estate, wheresover the same may be, equally to be divided between his two daughters Catharine Livingood and Dorothea Miller, during their natural lives respectively. The moiety of the real estate so devised to his daughter Catharine, he gave to *such children* as she may leave *living* at the time of her death, and to their heirs and assigns for ever ; and the moiety so devised to Dorothea Miller, he also gave to *such children* as she may leave *living* at the time of her death, and to their heirs and assigns. The testator further directed if either Catharine or Dorothea should die *without* leaving issue *living* at the time of her death, then the *survivor* should have the share of the daughter so dying during her natural life, " and the *children* of the said *survivor* which she might leave *living* at the time of her death, shall hold the *whole* of his real estate from the death of their mother for ever, to them, their heirs and assigns." The plaintiffs below proved that Catharine Livingood left *no child living* at her death ; but that she was married to John Livingood on the 17th of April 1798, and gave birth to a daughter, March 24th 1799, who *died* 4th of October 1824, leaving five children, the plaintiffs below, and that Catharine Livingood died November 27th 1851.

[Lantz v. Trusler.]

It was also admitted by the plaintiffs below that Dorothea Miller died before her sister, *leaving children surviving* her, whose interest came by deed, to Andrew Lantz, Sr., deceased, the ancestor of the defendants below. The defendants below gave in evidence a deed from John Livingood and wife for the land in dispute, to Thomas Stephens and his heirs, and the deed of Thomas Stephens and wife for the same land to Andrew Lantz, deceased, and his heirs. The defendants in error claimed that Catharine and Dorothea, the two daughters, took life estates under the will of Henry Soonover, deceased, with alternate contingent remainders to their issue living, at their respective deaths, and that they are the issue of the said Catharine. The plaintiffs in error claimed that upon the death of Catharine Livingood *without leaving a child living* at her death, by the will of Henry Soonover, deceased, the whole estate passed to Dorothea Miller during her natural life, and at her death to such children as she left *living*, and it being admitted, that Dorothea left *children living* at her death; and having been proved that Catharine died without leaving a child living at her death, and the plaintiffs in error having the deed of the children of Dorothea Miller to their deceased ancestor, they are the lawful owners of the land in dispute.

The jury rendered, by agreement, a verdict *pro forma* for the plaintiffs, with leave to the court notwithstanding the verdict to enter a judgment for the defendant, if the court should be of opinion the plaintiffs are not entitled to recover upon the will of Henry Soonover, deceased, it being proved that Catharine Livingood died without leaving a child or children living at her death, but leaving the plaintiffs, her grandchildren, living at her death, who are the grandchildren of Henry Soonover, deceased, and that Dorothea Miller, under whom the defendants claim, left children living at her death; or if the court should be of opinion the plaintiffs are estopped by the deed from their grandparents John Livingood and Catharine his wife (Catharine being the daughter and devisee of Henry Soonover, deceased), to Thomas Stephens. The court below (GILMORE, P. J.) entered judgment for the plaintiffs on the point reserved, which was assigned here for error by the defendant below, who sued out this writ.

*Purman & Ritchie*, for plaintiff in error.—If the term " issue" had not found its way into this will, there would have been no doubt whatever that the intention of the testator, as gathered from the whole will, was to exclude his great-grandchildren. The land is given to the survivor of his two daughters, and her heirs and assigns for ever, if the other should die without *children* living at her death, as Catharine did. The intention being mani-

[Lantz *v.* Trusler.]

fest, there is no reason for enlarging the meaning of the term "children:" 4 Watts 82; 2 Wh. 376. The rule is that on a devise to children, grandchildren or great-grandchildren cannot take: Crook *v.* Brooking, 2 Vern. 107; Reeves *v.* Bymer, 4 Ves. 692; Barnitz's Appeal, 5 Barr 266; Pemberton *v.* Park, 5 Barr 609; Radcliff *v.* Buckley, 10 Vesey 195; Earl of Orford *v.* Churchill, 3 Ves. & Bea. 57; 1 Roper on Leg. 67, 76; 2 Fearne Rem. 270, 278; Williams on Ex. 934, 942; Dickinson *v.* Lee, 4 Watts 82; 4 Kent's Com. 273, 294; Miller *v.* Linn, 7 Barr 443. Plaintiffs cannot recover, because they are not the children of Catharine Livingood *living at her death,* but are grandchildren of testator; because the term "*issue*" was used by testator in the natural import of the term "children," which does not include grandchildren unless from necessity or intention; and because there is no necessity to enlarge the term "children" in this will, so as to include grand or great-grandchildren; nor any intention so to use the term, or its accidental substitute "issue."

*R. W. Downey,* for defendants in error.—The intention of testator must govern in construing wills. This will shows an intention to devise a life estate to his daughters; the latter clause of the same item declares that those to whom he devises the remainder shall hold the same "from the death of their said mothers, to them, their heirs and assigns, for ever:" 5 Burr. 2608; 3 W. C. C. R. 369; 8 S. & R. 290; 1 Harris 450. The whole will indicates the devise of life estates, with remainders over to their respective children.

These remainders are to their children or "issue" living at the death of each life tenant, both words meaning issue in this case.

1. The intention of the testator was to keep his daughters and their issue on terms of perfect equality; the construction contended for by the other side would give the whole estate to the Millers and exclude the Livingoods entirely.

2. The word "children" is often construed to mean grandchildren, descendants, issue, &c., when necessary to effectuate testator's intent: Dickinson *v.* Lee, 4 Watts 82; 1 Roper on Leg. 69; 2 Pick. 24; 2 P. Wms. 383; 1 Yeates 414; Hallowell *v.* Phipps, 2 Wh. R. 376; 4 Pick. 198.

3. The testator uses the word children as the synonyme of issue. This word includes children as well as more remote descendants; while the word children means only immediate descendants. If "issue" be construed to mean children, Mrs. Livingood's own child could not have inherited, for she died before her mother.

[Lantz v. Trusler.]

4. The will gives the whole estate to the survivor. Now, Mrs. Miller died, leaving issue, before the death of Mrs. Livingood. To construe the word issue to mean children, would produce intestacy of the land in dispute, which the law avoids if possible: 10 Barr 18; 1 Watts 466; 4 Vesey 51.

5. Where words or clauses in a will are repugnant, the latter controls: Sims v. Dougherty, 5 Vesey 243; Doe v. Lester, 2 Taunt. 109; Roe v. Reade, 8 T. Rep. 122; 12 Wend. 602.

6. The remainder to Mrs. Livingood's children is to their heirs and assigns. If her child had survived her one hour, Mrs. Livingood's grandchildren, the plaintiffs, would certainly have inherited. As Mrs. Livingood died without children, but leaving grandchildren, if Mrs. Miller had afterwards died without issue, her share would have gone to the plaintiffs under the will, and not to the heirs generally of Henry Soonover. For all which reasons the word " children" should be construed " issue."

The opinion of the court was delivered by

LOWRIE, C. J.—It is apparent from the will that the testator had other heirs besides Catharine and Dorothea, and therefore the remainder, after the life estates, is not devised according to the law of descents, and there can be no question that the daughters took only life estates. What then did their children take? Very evidently, vested remainders in fee, conditioned on their surviving their mothers, or leaving issue surviving them; for the rules of law require a vesting so soon as there is any one in existence that can take. And the estate having become vested, will not be defeated upon any doubtful implication or condition; and all the evidence in the will and in the nature of the case is against declaring it defeated in this instance. True, the devise is to such " children" as his daughter should have living at her death, and to their heirs; but this is explained by the alternative devise over if she should die without leaving " issue" living at her death; and grandchildren are issue and may take. This interpretation is so accordant with our law of descents and custom of devising, that we cannot avoid adopting it. There can be no fair pretence that the plaintiffs are estopped by the deed of their grandparents from making this claim.

Judgment affirmed.