NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1887.

MATTER OF AYMAR.

*In the matter of the estate of* MARY C. B. AYMAR, *deceased.*

The husband of decedent died in her lifetime leaving a will whereby he bequeathed to A. "all interest or dividends" from certain bank stock, gave to decedent "all the rest and residue" of his personal property,

and appointed her and one, M., its executrix and executor.  Decedent took possession of the stock, and held the certificates at the time of her death, which occurred during A.'s lifetime.  An application by decedent's representatives for leave to retain the stock, subject to the claims of the life beneficiary, was opposed by M., who set forth that this property afforded the only fund for the future payment of his commissions.—

*Held*, that decedent must be deemed to have held the stock in her capacity as executrix, and that the same should be surrendered to the surviving representative of her husband's estate.

DETERMINATION of question arising upon judicial settlement of account of personal representatives of decedent.

C. E. TRACY, *for executor and administrator.*

WM. H. RAFTERY, *for W. H. Myer.*

THE SURROGATE.—The representatives of this decedent's estate are John A. Myer, its administrator, *c. t. a.*, and Charles S. Myer, its executor. On January 6th, 1887, they filed with the Surrogate a joint account of their proceedings, which account, save for a single reservation, was judicially settled by a decree entered herein on January 25th, 1887. The question reserved is now submitted for determination. It arises upon the following state of facts.

John J. Aymar, the husband of this decedent, died in her lifetime, leaving a will which contained the following provisions : " I give and bequeath to Eliza E. Babb all interest or dividends from stock standing in my name on the books of the Orange National Bank of Orange, N. J., during her natural life. . . . . I give and bequeath to my beloved wife (this testatrix meaning) all the rest and residue of my personal property."

The will designated Mrs. Aymar as its executrix

and William H. Myer as its executor. Both applied for and received letters testamentary. Mrs. Aymar took into her possession the bank stock aforesaid, paid the dividends thereon as directed by her husband's will, and, at the time of her death, was the holder of the certificates thereof. Miss Aymar's representatives now ask (and Miss Babb, the beneficiary for life of the stock in question approves their application) that they may be permitted to retain the same, subject to the claims of the beneficiary for life. The application is opposed by Mr. William H. Myer, now the sole surviving representative of John J. Aymar's estate. He states in his opposing affidavit that he has never received the executorial commissions to which he is entitled, nor any part thereof, and that the only property of the estate out of which such commissions can be satisfied is the money that may be realized by a sale of the Orange Bank stock after the death of Miss Babb. He claims that the stock in question still forms a part of the assets of John J. Aymar's estate, and that he is himself entitled to the possession of the same, as the sole representative of that estate now living.

This claim seems to me, to be well founded. When property has been given by will to one beneficiary for life with remainder to another, under such circumstances as to indicate an intention on the part of the testator that the life tenant should enjoy the thing bequeathed *in specie*, the life tenant has sometimes been permitted to take it into his possession, even without furnishing security to the remainderman (Smith v. Van Ostrand, 64 *N. Y.*, 278; Weeks v.

Weeks, 5 *N. H.*, 326 ; Flanagan v. Flanagan, 8 *Abb. N. C.*, 413 ; Fiske v. Cobb, 6 *Gray*, 144 ; Taggard v. Piper, 118 *Mass.*, 315). But the surrender to a life tenant of property such as is here the subject of con- sideration, without exaction of security, and without any provision in the will for its non-exaction, would be manifestly improper (Montfort v. Montfort, 24 *Hun*, 120 ; Eichelberger v. Barnetz, 17 *S. & R.*, 293 ; Rodgers v. Rodgers, 7 *Watts*, 19 ; Kinnard v. Kin- nard, 5 *Watts*, 108 ; Tyson v. Blake, 22 *N. Y.*, 558 ; Livingston v. Murray, 68 *id.*, 485, 492).

I find no authority whatever in support of the claim that where a testator has bequeathed personal property to A., for life, with remainder to B., the latter in his capacity of remainderman can claim possession of such property in the lifetime of A. Mrs. Aymar must be deemed to have held the bonds with which we are here concerned in her capacity of executrix, and, now that she has died, they should be placed in the hands of the present representative of her husband's estate.