Seeley et al. *v.* Munger et ux., Appellants.

Argued May 15, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

284

*Robert J. Firman,* for appellants.

*P. V. Gifford,* with him *H. L. Moore,* for appellees.

PER CURIAM, July 1, 1929:
The will here in question gives to Frank E. Seeley, husband of testatrix, a life estate; then it provides: "Upon the decease of my said husband......my estate ......shall be equally divided between my two children, Robert O. Seeley and Lysle A. Seeley Broaddus, share and share alike." After this plain gift of a fee simple estate in remainder, the will, by a separate paragraph, provides thus: "In case of the decease of my daughter Lysle......without leaving lawful issue, then, in such case, I give, devise and bequeath the said part or share to Thresa Seeley, Mary L. Seeley, and Roberta Seeley (children of Robert O. Seeley) share and share alike." The husband died after testatrix. The daughter is alive, without issue, and the court below decided that, in view of the death of her father, she had an absolute estate which could be conveyed to plaintiffs in fee simple. Appellants contend that the daughter has but a life estate with ultimate remainder in the children of her brother Robert.

Where, as here, a parent leaves an estate to children equally, by words which, without more, create a fee absolute, and, in a subsequent part of the will employs words in connection with the share of one of the devisees

which, were it not for certain established rules of interpretation, might be construed as diminishing that particular share to a life estate, such rules will be applied and the fee maintained intact, unless there is something in the will which plainly forbids that course. Despite the able argument of counsel for appellant, we find nothing in the will to take it out of "the rule established by numerous decisions,......that where an absolute estate is devised, followed by a gift over in event of the death of the donee without issue, such words will be construed as referring to death without issue in the lifetime of testator, if the gift is immediate, or during continuance of the life estate if the gift is not immediate, and if the donee survives testator or the continuance of the intervening estate, his interest becomes absolute": Seewald's Est., 281 Pa. 483, 486.

The court below properly decided that, under the above rule and section 14 of the Wills Act of June 7, 1917, P. L. 403, the last above-quoted clause of the present will imports a definite failure of issue, on the death of the daughter, "before the termination of the life estate," and that, the daughter having survived the life tenant, took a fee simple absolute.

The judgment is affirmed.