Peters, Appellant, *v.* Peters, Executor, et al.

Argued April 13, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. B. Eilenberger,* with him *Harvey Huffman,* for appellant.—Harry E. Peters is the first taker and there is a presumption in favor of the first taker, and of an absolute estate rather than a contingent one: McFarland's App., 37 Pa. 300; Grim's App., 89 Pa. 333; Jackson's Est., 179 Pa. 77; Sheetz's App., 82 Pa. 213; Watson v. Smith, 210 Pa. 190.

The trustee clause has no application to the real estate: McCune v. Baker, 155 Pa. 503; Van Dusen's Est., 5 Pa. Dist. 234.

The devise to Harry E. Peters is unaffected by what follows in the will: Pattin v. Scott, 270 Pa. 49.

Where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given: Long's Est., 270 Pa. 480, 485-6; Smith v. Coal Co., 282

Pa. 248, 251; Robinson's Est., 282 Pa. 531, 534; Conner's Est., 286 Pa. 382, 387.

The gift is immediate: Seewald's Est., 281 Pa. 483; Seely v. Munger, 297 Pa. 283.

If this court sustains the position of appellant as to the real estate then what has been said in reference to the real estate applies in determining whether or not the trust clause in reference to the personal property shall continue for a period of fifteen years. The trustee has no title to the property involved. The only duty imposed under the will is holding the property and paying the income over to Harry E. Peters: Dodson v. Ball, 60 Pa. 492; McCune v. Baker, 155 Pa. 503; Wood's Est., 261 Pa. 480; Stafford's Est., 258 Pa. 595.

*C. Raymond Bensinger,* with him *A. Mitchell Palmer,* for appellee.—In the construction of a will, the intent of the testator is to be gathered from the entire will, rather than from the terms of a particular devise, which, regarded alone might be inconsistent with his testamentary scheme as a whole: Dean v. Winton, 150 Pa. 227; Sadler's Est., 303 Pa. 279.

It is contended by the appellant that an absolute estate or fee given in an earlier paragraph in the will will not be cut down by subsequent clause. This is contrary to the decisions: Krebs's Est., 184 Pa. 222; Spring's Est., 216 Pa. 529, 533; Schuldt v. Trust Co., 270 Pa. 360; Sheets's Est., 52 Pa. 257; Urich v. Merkel, 81 Pa. 332; Shower's Est., 211 Pa. 297; Deibert's App., 78 Pa. 296; Knight's Est., 235 Pa. 149; Frantz v. Race, 205 Pa. 150.

Appellant also contends that this trust is passive and a simple trust and not a special or active trust and therefore that it should fall.

The decisions clearly show that the trust created in this will is an active one: Field's Est., 266 Pa. 474; Wolfinger v. Fell, 195 Pa. 12; Krebs's Est., 184 Pa. 222; Marshall's Est., 147 Pa. 77.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1932:

In this declaratory judgment proceeding we are called upon to construe a home-made will. Like some other home-made articles, it is awkward and clumsy in expression. Harry E. Peters, one of the legatees, provided for in it, being dissatisfied with the conclusions of the court below, asks us to review them in so far as they affect him.

The material parts of the document in which the testator, E. F. Peters, refers to himself in the third person, read: "The property of said E. F. Peters is to be distributed according to the intestate laws of Pennsylvania to the heirs of Van C. Peters and my brother Henry Peters to be divided equally the heirs of Van C. Peters [of whom appellant, Harry E. Peters, was one] receiving one half & Henry Peters or his heirs receiving one half." Henry Peters is named executor and the language proceeds: "The executor shall have three years to settle the personal property and fifteen years to settle the real estate. The said heirs to have their share of income from property in ratio previously named. The executors shall pay to Knighton Peters his income and benefits. The share of Harry E. Peters & Mrs. Adelaid Roth shall be placed in a trust fund in the Stroudsburg National Bank or Trust Company. The income from said trust funds to be paid to Harry E. Peters and to Adelaid Peters Roth. Said trust to run for fifteen years should Harry E. Peters die without heirs then his interest shall be divided with the heirs of Van C. Peters should Adelaid Peters die within the period of fifteen years then the income from this trust shall go to her children."

The court determined that Harry E. Peters took a fee simple in the share designated of the real estate subject to go over by executory devise to the heirs of Van C. Peters in the event of Harry E. dying without leaving heirs of his body within fifteen years after the death of the testator, and that he is entitled to immediate possession of the real estate unaffected by the fifteen year

clause for settlement, and that as to the share of the personal property going to Harry E. Peters, the trust is operative for the like period of fifteen years.

It is appellant's contention that he takes an absolute estate in fee simple in the share of the real estate devised to him, that he is the first taker and therefore the construction, if doubtful, should be in his favor, citing Jackson's Est., 179 Pa. 77; Watson v. Smith, 210 Pa. 190, and other cases; that what comes after the absolute devise to him does not affect it, as the limitation does not immediately follow the original gift, citing Pattin v. Scott, 270 Pa. 49; that the dominant purpose is to give a fee and this intent is unaffected by what follows, citing Cross v. Miller, 290 Pa. 213, and other cases; and that the gift is immediate, citing Seewald's Est., 281 Pa. 483, and Seeley v. Munger, 297 Pa. 283. As to the personal estate, he argues that the trust is passive and being so, it cannot continue the legal estate in the trustee except for proper and useful purposes and when these purposes do not exist, the trust should be stricken down and both the legal and equitable title be vested in him, citing Dodson v. Ball, 60 Pa. 492.

The learned judge who heard the case came to his judgment as to the real estate, carrying in mind the broad principle laid down in Dean v. Winton, 150 Pa. 227, and many other of our cases, that the intent of the testator is to be gathered from the entire will rather than from the terms of a particular devise, which regarded alone might be inconsistent with his testamentary scheme as a whole. As to the trust of the personal property, he concluded that it was not a mere passive or dry one, but that active duties were implied. We are not convinced that the conclusions reached were incorrect. As to the trust, see Schuldt v. Reading Trust Co., 270 Pa. 360; Field's Est., 266 Pa. 474.

The judgment is affirmed.