## Hart Estate

*Rhoads, Sinon & Reader,* for accountants.

*Walter H. Compton, H. Joseph Hepford,* for exceptants.

RICHARDS, P. J., July 12, 1955.—Lane S. Hart died testate in 1924. By paragraph seven of his will the bulk of his estate was placed in a trust. Paragraph 7(a) gave one-sixth of the income of the trust to decedent's son, Christopher H. Hart, for life. After his death both income and corpus were ultimately to go "to his child or children of his blood and born of his body (not including any adopted child or children)". Failing such, both income and corpus "shall be disposed of with respect to persons and interests as

though it were part of the estate disposed of in Paragraph (d) of Section seven of this will".

In the latter case an income was provided for Christopher's wife until her death or remarriage. It eventuated that Christopher died in 1954, without issue. His wife predeceased him. Hence, the income and corpus of 7(a) fell into and become a part of 7(d). This precipitated the filing of the present account. Since there was some difference of opinion as to the distribution of the income and corpus of this one-sixth of the trust, we appointed a guardian ad litem for all minors in being, and trustees ad litem for all unborn persons, having a possible interest in the distribution. Exceptions were filed to the distribution suggested by the accountant. A stipulation of facts was filed and the case duly argued.

The relevant part of 7(d) reads as follows:

"(d) To pay quarterly, as received, three-sixths (3/6) of the net rent and income arising and accruing to my daughter, Florence Hart Spencer, during her life, and, after her death, to assign, transfer and convey absolutely and in fee simple two-thirds (2/3) of the three sixths part of my aforesaid estate to her said children, Catherine Hart Spencer Baker and Lane Hart Spencer, share and share alike; if the said Catharine Hart Spencer Baker or Lane Hart Spencer shall die before their mother, leaving no child or children of his or her blood, then the said two-thirds (2/3) of the aforesaid three-sixths (3/6) of my estate shall pass as aforesaid to the survivor or survivors; if either be dead leaving a child or children of his or her blood, then said child or children shall have, per stirpes, the parent's share of income and principal, as provided in this paragraph; and, if both my said granddaughter and grandson be then dead, leaving no child or children of his or her blood . . ." then over to certain charities.

The remaining one-third of the three-sixths was to be used for the benefit of decedent's son-in-law, Robert Spencer, for his life and then be disposed of with respect to the persons and parties as though it were part of the aforesaid two-thirds of the three-sixths. Since Robert Spencer predeceased the testator and Florence Hart Spencer, his life estate never became effective.

Lane Hart Spencer survived his mother but died before his uncle, Christopher H. Hart.

The question to be decided is: Is one-half of the fund in 7(a) to be distributed to the estate of Lane Hart Spencer and the other half to Catharine Hart Spencer Baker, or does the latter take the whole thereof?

### Discussion

It is axiomatic that the intent of the testator must be gleaned from the will as a whole.

"If the testator's intention is not expressly stated it must be deduced from the whole instrument rather than from the terms of isolated provisions which, regarded alone, may be inconsistent with the testator's scheme as a whole. Marr's Estate, 240 Pa. 38, 87 A. 621": Sharoff's Estate, 143 Pa. Superior Ct. 465, 468.

". . . the intent of the testator is to be gathered from the entire will rather than from the terms of a particular devise, which regarded alone might be inconsistent with his testamentary scheme as a whole": Peters v. Peters et al., 307 Pa. 476, 481.

With these principles in mind, we shall consider first the provisions of 7(d). This section disposed of one-half of the trust. It is abundantly clear that each grandchild had to survive to the time of distribution to take. Should either not survive until that time, then their living issue, if any, were to take. In default of all such persons, there was a gift over to charities.

In no case was the personal representative of a deceased individual to take. The same interpretation must apply to 7(a) because it fell into 7(d). Furthermore, the whole of section 7 is replete with expressions which reveal the intent of the testator to restrict his gifts to his lineal, legitimate blood relatives, all of whom had to be alive at the time of distribution to take. Hence, since Lane Hart Spencer did not survive his uncle and left no issue, the whole of 7(a) must pass under 7(d) to the survivor who is entitled to take, to wit: To Catharine Hart Spencer Baker, now Johnson. She, having deeded her interest to trustees, distribution will be made to them.

We shall give effect to this conclusion in our adjudication of the account.

*Order*

And now, to wit, July 12, 1955, the exceptions are dismissed.