The opinion of the court was. delivered by
Gibson, C. J.
A chattel cannot be entailed; and where it is bequeathed by words which, if used in reference to land, would vest an express estate tail; the interest passes absolutely. But, in regard to words that would vest an estate tail by implication, a diversity has been attempted, and sometimes apparently with success.- There, it *295 has been said, the contingency of dying without issue is, in no case, too remote to supports limitation over by way of executory devise, the words dying without issue being taken in the popular sense. And the reason given for the distinction seems extremely plausible; the words dying without issue being taken, it is said, to import an indefinite failure, in respect to real, estate, in order to create an estate tail in favour of the issue: whereas, such a construction, in respect of a chattel, cannot benefit them, because a chattel cannot descend to them. But this distinction, although recognised in Target v. Gaunt, (1 P. Wms. 433,) Forth v. Chapman, (1 P. Wms. 667,) and Atkinson v. Hutchinson, (3 P. Wms. 239,) has undoubtedly been exploded since; but for-what cause it is not easy to say, except, perhaps, ásense of the practical inponvenience of such limitations in respect of chattels. Yet, on the other hand, we find the judges eagerly catching at accidental words, such as “leaving,” “ behind him,” &e.; and from these, endeavouring, by forced conceits and flimsy distinctions, to support them. In the will before us, we are relieved from the necessity of catching at straws, by a circumstance.which proves incdntestibly that such a contingency was meant as would necessarily happen within a life, or lives in being. It is in this clause: “ And it is further my will, that if my grandson Abraham should die without issue, the part, as willed to him, is to fall to my heirs back to be divided amongst my children, as in my. will mentioned, share'and share alike.” Here the contingency was contemplated to happen in the lifetime of the children, which is not too remote, even in the case of real estate. The limitation over is therefore good, and the plaintiff is consequently not entitled to recover without securing the legatees over.
Huston, J., dissented.
Judgment for the defendants.