Charles Beilstein, William Beilstein, Albert Beilstein, Edward Beilstein, Herman Beilstein and Emilie Haney, Appellants, *v.* Adaline Beilstein.

*Wills—Gift of income.*

A gift of the income of land is a gift of the land itself.

*Will—Devise—" Family."*

A devise over in case a daughter should die " without leaving a family," is an implied devise to her family if she should leave one.

*Will—Devise—" Die without leaving family "—Rule in Shelley's case.*

A devise to a daughter of the income of real estate " as long as she lives, but should she die .without leaving a family " then over, means death without issue or heirs of the daughter's body, and this refers to an indefinite failure of issue, which creates a fee tail in the first taker, enlarged to a fee simple by the statute.

Argued Oct. 30, 1899. Appeal, No. 138, Oct. T., 1899, by defendant, from judgment of C. P. No. 2, Allegheny County, April T., 1899, No. 661, on case stated. Before GREEN, MC-COLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Case stated in an action of ejectment.

From the case stated it appeared that the property in controversy passed under the will of George P. Beilstein, the material portion of which was as follows :

· " It is my desire that my daughter Gertie Beilstein shall receive the income of my property, known as the old Seaton house, situate at No. 34, Diamond square, Pittsburgh, as long as she lives, but should she die without leaving a family, then the property is to fall into the hands of my brothers and sisters or their heirs, and my executors to allow my daughter $25.00 per month until she reaches the age of 21 years."

On January 18, 1899, said Gertie Beilstein died unmarried and without issue, leaving a will by which she devised said property to the defendant, who was her mother. The plaintiffs are the brothers and sisters of the testator, George P. Beilstein, deceased.

The defendant refused to deliver possession of the property to the plaintiffs, and, after argument, the court in an opinion by SHAFER, J., entered judgment for defendant.

*Error assigned* was the judgment of the court.

*Archibald H. Rowand*, with him *Harry H. Rowand*, for appellants.—The testator clearly meant children when he used the word "family:" Daley v. Koons, 90 Pa. 248.

The testator's daughter, Gertie, died unmarried and without issue, and the question is, who are the persons entitled to the remainder as the right heirs of the testator. His brothers and sisters were the remainder-men, and their right to the remainder was only prevented from being an absolute interest by the possibility of a child of Gertie Beilstein coming into esse and surviving her: Buzby's App., 61 Pa. 114; Etter's Estate, 23 Pa. 381; Riehle's App., 54 Pa. 97; Powell v. Board of Domestic Missions, 49 Pa. 46; Robins v. Quinliven, 79 Pa. 333; O'Rourke v. Sherwin, 156 Pa. 285; Bassett v. Hawk, 118 Pa. 107.

The courts have seized with avidity on any circumstance, however trivial, denoting an intention to fix the contingency at the time of the death: Seibert v. Butz, 9 Watts, 490; Snyder's App., 95 Pa. 174; Eichelberger v. Barnitz, 9 Watts, 447; Miller's Estate, 145 Pa. 561.

The word "family," in a will is held prima facie to mean children, and must be so construed unless some reason appears in the context of the will for extending or altering it: Whelan v. Reilly, 3 W. Va. 597; Pigg v. Clarke, L. R. 3 Ch. D. 672; Gregory v. Smith, 41 Eng. Chan. Rep. 708; Raynolds v. Hanna, 55 Fed. Rep. 783.

Unless the contrary clearly appears from the context of a will, a devise to the family of a person who has children is a devise to such children: Heck v. Clippenger, 5 Pa. 385; Wood v. Wood, 3 Hare, 65; Burt v. Hellyar, L. R. 14 Eq. 160; Gregory v. Smith, 41 Eng. Chan. Rep. 708; Barnes v. Patch, 8 Ves. 604; MacLeroth v. Bacon, 5 Ves. 159; Blackwell v. Bull, 1 Keen, 176.

*J. W. Kinnear*, for appellee.—By the gift of the income of lands the corpus of the estate passes: Drusadow v. Wilde, 63 Pa. 170; Wilson v. McKeehan, 53 Pa. 78; Seybert v. Hibbert, 5 Pa. Superior Ct. 537; Grimes v. Shirk, 169 Pa. 74.

The word "family" does not describe children. It is a

nomen collectivum; it is not a descriptio personarum; and standing alone, as it does here, it would not be a sufficient description of persons to enable her children to take as purchasers: Findlay v. Riddle, 3 Binn. 139; Yarnall's App., 70 Pa. 335; Williams v. Williams, 1 Simons (N. S.), 358.

Where a devise is of freehold estates the word "family," it seems, is restricted to mean heirs at law, as in a devise to A. for life, with remainder to his family, A.'s heir at law will be entitled under this description: Heck v. Clippenger, 5 Pa. 389.

Any form of words sufficient to show that the remainder is to go to those whom the law points out as the general or lineal heirs of the first taker will enlarge the estate for life of the first taker to an estate tail by implication: Potts's App., 30 Pa. 170; Watson's Estate, 18 Phila. 1; Yarnall's App., 70 Pa. 342; Seybert v. Hibbert, 5 Pa. Superior Ct. 537; Lehman's Estate, 3 Phila. 104; Allen v. Markle, 36 Pa. 118; Middleswarth v. Collins, 1 Phila. 139; Kleppner v. Laverty, 70 Pa. 70; Haldeman v. Haldeman, 40 Pa. 29; Grimes v. Shirk, 169 Pa. 74; Sheeley v. Neidhammer, 182 Pa. 163.

OPINION BY MR. JUSTICE MITCHELL, December 30, 1899:

The language of the will is "it is my desire that my daughter Gertie Beilstein shall receive the income of my property . . . . as long as she lives, but should she die without leaving a family" then over to testator's brothers and sisters, the appellants.

The gift of the income is the gift of the land itself: Drusadow v. Wilde, 63 Pa. 170; Curry v. Patterson, 183 Pa. 238. In the former case it is said by SHARSWOOD, J.: "There is no construction of words older and better settled than that a grant or devise of the profits of land passes the land itself, 'for what' says Lord COKE, 'is the land but the profits thereof, for thereby vesture, herbage, trees, mines and all whatever parcel of the land doth pass.' Co. Litt. 4, 6."

The devise over in case Gertie should die "without leaving a family" is an implied devise to her family if she should leave one. It is only if she does not, that the devise over is to take effect, and there is a necessary implication that in the other unexpressed contingency of her leaving a family the estate is to go to them. This is practically assumed without question

in the long line of cases on the subject, which are carefully reviewed in Seybert v. Hibbert, 5 Pa. Superior Ct. 537. The contest in all of them has been whether the devise over was upon a definite or an indefinite failure of issue.

The present case, therefore, turns on the meaning to be given to the word family in the testator's intent. Family is not a technical word, nor can it be given any technical meaning, irrespective of the context and scope in which the testator used it. It is conceded that it includes children, and the appellant's contention is that it means children only. But it is a broader word than children. In a very common, if not the most usual sense, it includes all the persons of the same blood who are dwelling together in one household, and in many cases even the condition of the same blood is not requisite, and servants and others may be included, as for instance, for the service of process. As already said, it is admitted that the testator by the word family meant to include children. If the devisee had been married, and with children and grandchildren all dwelling with her as part of her household, when the testator wrote his will, there could be no doubt whatever that the testator if he had then used the word family meant to include them all. But on what ground shall we assign it a narrower meaning when used with reference to the indefinite future? When he wrote his will his daughter was a child of ten years, and he was providing for her in her unknown circumstances after his death. He foresaw that if she lived to grow up she might marry and have children, and he meant to provide for them as well as for her. Even the word children may be construed to include grandchildren if it clearly appears that it was used with that intent: Eichelberger's Est., 5 Pa. 264. Had the testator used the word children, and his daughter had survived all her children and died leaving grandchildren only, it hardly admits of doubt that the true construction of his intent would have included them. But he used a more comprehensive word than children, a word that would certainly have included grandchildren and remoter descendants if in existence then, and we see no reason to exclude them from his meaning, though children and grandchildren were then all alike only in posse. The natural scope of the word family in this connection is shown by Justice BELL's use of it in the opinion in Eichelberger's Est., supra:

"It is plain that when preparing his will (the testator) had in his mind's eye all his family consisting of his immediate descendants then living."

We are, therefore, clearly of opinion that by the words " die without leaving a family " the testator meant die without issue or heirs of her body, and under all our cases this refers to an indefinite failure of issue, which creates a fee tail in the first taker, enlarged to a fee simple by the statute. Judgment, therefore, was properly entered for defendant.

Judgment affirmed.