## Jacobs' Estate.

*Wills—Interpretation—Remainder.*

A testator devised to trustees for the benefit of his daughter, Caroline, a trust fund under certain terms and conditions among which was the following:

"If my said daughter has not living at my death a son called Adam Jacobs Bohman, then said income shall be equally divided to and among her eldest son living at my death, and her daughter Annie Bohman, for and during their natural lives, and from and after the death of either, then his or her share shall be divided among his or her children living at his or her death, until each shall attain the age of twenty-one, when each shall receive an equal share of said principal."

At the testator's death his daughter, Caroline, had no son named Adam Jacobs Bohman, but had four daughters and a son named Goodloe, who died before his mother. The daughters survived her. *Held,* on the death of Caroline, that one-half of the principal of the trust fund should be held in trust for Annie Bohman and her children, and the accrued income awarded her; and other half should be held in trust, (pursuant to another clause of the will), for the children of Caroline, who survived her, and the accrued income divided among them.

Argued April 19, 1923. Appeal, No. 17, April T., 1923, by Annie B. McElroy, from the decree of O. C. Fayette Co., March T., 1920, No. 12, dismissing exceptions to the adjudication in the trust estate created under the will of Adam Jacobs, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Exceptions to adjudication. Before WORK, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned* was the decree of the court.

*B. J. Jarrett*, and with him *Willis F. McCook*, for appellant.—The gift of one-half of the income to Annie during her lifetime and one-half of the principal to her children did not fail because no son was living with whom the income could be divided: Bair's Est., 255 Pa. 169; Groninger's Est., 268 Pa. 184; Marshall's Est., 262 Pa. 146; Etter's Est., 23 Pa. 381.

*W. N. Carr*, of *Carr & Carr*, for appellee, cited: Vilsack's Est., 207 Pa. 611; Haldeman v. Haldeman, 40 Pa. 29; Saxton v. Mitchell, 78 Pa. 479; Kirby's Est., 235 Pa. 542; Beilstein v. Beilstein, 194 Pa. 152.

OPINION BY KELLER, J., July 12, 1923:

Adam Jacobs died December 18, 1883, testate, leaving to survive him a widow, Ann, and six children, one of whom was Carrie S. Bowman [or Bohman]. By his will he devised and bequeathed his entire estate to his executors as trustees and ordered the entire income therefrom to be paid to his widow, during her lifetime. He directed, among other things, that after her death, his trustees should set aside a fund of $10,000 and pay the net income therefrom to his daughter, "Carrie S. Bohman" during her natural life, "and" [quoting here only such parts of the will as are now material, and subdividing them into paragraphs for convenient reference] (a) "from and after her death to her son Adam Jacobs Bohman if any such she has living at my death for and during his natural life and from and after his death then to divide said income to and among his children living at his death, until they respectively attain the age

of twenty-one, when each child shall receive an equal share of said principal sum."......(b) "If my said daughter has not living at my death a son called Adam Jacobs Bohman, then said income shall be equally divided to and among her eldest son living at my death, and her daughter Annie Bohman, for and during their natural lives, and from and after the death of either, then his or her share shall be divided among his or her children living at his or her death, until each shall attain the age of twenty-one, when each shall receive an equal share of said principal."......(c) "Should my said daughter Carrie have a son called Adam Jacobs Bohman, then and in that case I do direct my Trustees to invest Five Thousand Dollars ($5,000.00) in some safe security, or set aside an investment already made, and pay the rents, issues and income thereof to Annie, the daughter of said Carrie, for and during the natural life of said Annie," [and disposing of the same after her death].

When Adam Jacobs died Carrie S. Bowman had five children living, viz: Goodloe, Jane (Wise), Annie (McElroy), Margaret (Ireys) and Isabella. No son named Adam Jacobs Bowman was then living, and she never had a son of that name; so that paragraphs (a) and (c) of the will, above quoted, never took effect.

As both Goodloe Bowman, (the only son) and Annie Bowman were living at the death of Adam Jacobs, and Carrie S. Bowman had no son called Adam Jacobs Bowman, living at his (Adam Jacobs's) death, paragraph (b) became of force, and the estate bequeathed them thereby was absolutely vested, (to be enjoyed after their mother's death), and each of them was entitled, after the death of their mother, to the income of one-half of said fund, or $5,000, during his or her natural life, and at his or her death, said income was to be divided among his or her children living at his or her death, until each should attain the age of twenty-one, when each should receive an equal share of the principal. The provision in

the will that from and after the death of either the eldest son (Goodloe) or Annie, "his or her share shall be divided among his or her children," etc., shows that each was entitled to a definite equal share, one-half, which passed to his or her children, irrespective of what might happen to the other legatee.

The death of Goodloe Bowman, in the lifetime of his mother, unmarried and without issue, did not affect the interest which had vested in his sister Annie, and upon Mrs. Bowman's death, on July 11, 1917, it became effective as to her equal share therein, and she was thereafter entitled to the income of one-half of said $10,000 fund, during her natural life; and after her death, said income is to be divided among her children living at her death, until each attains the age of twenty-one when his share of the principal becomes payable.

The principle that a testator intends equality among his descendants in the same class has no application where his will clearly negatives such intention.

The plain language creating this trust fund, as well as that employed in similar trust funds for his other children, shows an intention to favor grandchildren who may have been named after him, to the exclusion of the rest; and where his children had no children bearing his name, to favor their eldest sons and their daughters named after his wife (Ann), in preference to the rest. He had a right so to provide if he saw fit; and such a provision, duly vested and become effective, will not be set aside in order to work equality among his daughter's children.

No provision was made in the will disposing of the fund, or any share of it, in case Goodloe and Annie, or either of them, died in the lifetime of their mother without leaving children living at his or her death,—as occurred in the case of Goodloe,—beyond directing: "Should my said daughter die without children living at her death, then I give said sum of $10,000 to my said trustees, the income to be equally divided among my

children then living, for and during their natural lives and the life of the survivor of them (in the nature of a joint tenancy) and from and after the death of the survivor then to and among his or her children, until they respectively attain the age of twenty-one, when each child shall receive an equal share." This carried with it an implied bequest to his daughter Carrie's children, if she died leaving children living at her death, of any portion of the fund which failed to pass under the will to Goodloe or Annie and their children respectively: Beilstein v. Beilstein, 194 Pa. 152, 154; Lippincott's Est., 276 Pa. 283; subject, however, to the general scheme of the will, as evidenced in like trusts for his other children, and as provided in his will in case his daughter, Carrie S. Bowman, had a son named Adam Jacobs Bowman living at testator's death, who died thereafter leaving no children, viz: "then I give said income to be equally divided among the children of said Carrie S. Bohman (my daughter) who shall be living at the death of said Carrie S. Bohman and at my death, for and during their natural lives and the life of the survivor of them, (in the nature of a joint tenancy), and from and after the death of the survivor then to his or her children living at his or her death, until they respectively attain the age of twenty-one, when each shall receive his or her share."

One-half of the principal of said fund will, therefore, be awarded to the trustees under decedent's will, to be held in trust for Mrs. Bowman's four children, living at her death, and the survivor of them, and such survivor's children, as just hereinbefore recited; and the accrued income thereon will be divided equally between said four children, including the appellant, Annie Bowman McElroy. The principal of the other half will be awarded said trustees, to be held in trust for the appellant and her children, as directed in subsection 6 of item 4 of the decedent's will; and the accrued income thereon will be awarded appellant.

432        JACOBS' ESTATE.

The assignments of error are sustained except the second and third.   The decree is reversed and the record remitted to the court below with instructions to make distribution in accordance with this opinion.   Costs to be paid out of the fund.