## Clayton's Estate.

## Sinnamon, Exr., *v.* Clayton et al.

Argued December 5, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Charles G. Gartling,* for appellant.—The trust was void: Drace v. Klinedinst, 275 Pa. 266; Devlin's Est., 284 Pa. 11.

The gift in remainder being void, on account of the illegal conditions on which it depends, there is a failure of a gift over in remainder: Shower's Est., 211 Pa. 297; Wood's Est., 261 Pa. 480.

The entire trust falls, as the provisions of the will are palpably a scheme to violate the fundamental laws of the nation and State: Lilley's Est., 272 Pa. 143; Feeney's Est., 293 Pa. 273.

The remainder being void, it merges with the son's life estate, and the trust terminates: Fowler's Est., 281 Pa. 459; Craige's Est., 14 Pa. Dist. R. 766; Warne's Est., 27 Pa. Dist. R. 428; Shower's Est., 211 Pa. 297; Wood's Est., 261 Pa. 480.

*Walter Lee Sheppard,* with him *Frederick J. Shoyer,* for appellee.—The trust is an active one, for the life of the son, and will not be stricken down: Henderson's Est., 258 Pa. 510; Schuldt v. Trust Co., 270 Pa. 360; Buch's Est., 278 Pa. 185.

470

The limitation in the gift of the corpus of the trust estate is not void as a restraint on religious freedom: Devlin's Est., 284 Pa. 11; Beilstein v. Beilstein, 194 Pa. 152; McBride's Est., 152 Pa. 192.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1931:

These two appeals by the only surviving son of John Clayton, deceased, raise the same question, were argued together, and will be decided in this one opinion. In the first, appellant contends that the orphans' court should have awarded to him one-half of the net residue of testator's personal estate, and not decreed that it should be held by the trustee, appellee, upon the trusts contained in the will. In the second, in a suit in equity for partition, he contends that, the common pleas should have decreed, that he, and not the trustee, was the owner of one-half of testator's residuary real estate. Both decrees are right.

By testator's will, his residuary estate was given to his executor, upon an active trust, to invest and reinvest it and to pay the net income in equal shares to his wife and appellant, "so long as they both shall live," with specified remainders over. The wife named in the will predeceased testator, whereby all the gifts to her failed. He remarried, but made no change in his will. As this wife survived him, she became entitled, under the intestate laws, to one-half of his residuary estate absolutely, the other half, in the absence of some controlling legal principle, of course being held in trust as provided in the will.

Eliminating all the provisions of the will in favor of the deceased wife, and all those which apply in case the son should predecease her (which he did not), what is left is that the residuary estate shall be held by the executor upon an active trust for the son for life, and upon her death "and also upon the death of my said son, who having married a woman of the Roman Catholic faith and leaving issue by a woman of the Romon Catho-

lic faith by marriage or otherwise, or my son having married a woman of the Protestant faith and leaving no issue," then to convert the residuary estate into money and to pay thereout certain sums to specified charities, and the balance to testator's brother, if living, and, if he should be dead leaving children, to divide the balance among such children.

Assuming, under our decisions in Beilstein v. Beilstein, 194 Pa. 152; Lippincott's Est., 276 Pa. 283; List's Est., 283 Pa. 255, 261, and kindred cases, that, if appellant should marry a Protestant woman and die leaving issue by her, a gift to that issue would be implied, we find that the ultimate destination of the share held in trust for the son's life, might be either (1) the son's surviving issue by a woman of the Protestant faith, or (2) testator's brother William; or (3) the surviving children of William; or (4) if no one could take under any of the three stated contingencies, then appellant's estate, because he was the nearest heir and next of kin of testator. For reasons of his own, which, being legal, we cannot review, testator declared that appellant should have only a life interest in the share of the residuary estate. This being so, the courts will do nothing to disturb that limitation, even in cases arising under the rule against perpetuities, to which appellant desires to make the present proceeding analogous: Mc-Caskey's Est., 293 Pa. 497. Moreover, as the life estate to appellant remains in force, and, until it is ended, it cannot be known with certainty who will be entitled to take in remainder under the provisions of the will, nor who will then be interested to contest the claim that appellant's estate is entitled to that remainder, no decision will or should be made until the life estate has ended.

For the reasons stated, the orphans' court directed that, until the death of appellant, one-half of the fund to be distributed should be held by the executor, upon the active trusts set forth in the will, exactly as testator

directed it should be; for this reason the common pleas court held that one-half of the residuary real estate should be held upon those trusts until that time had arrived; and for the same reason we say

The decrees are affirmed and each appeal is dismissed at the cost of appellant.