## Howell's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Walter B. Gibbons* and *John J. Mitchell, Jr.*, for exceptants.

*John J. Gallagher*, contra.

VAN DUSEN, P. J., June 27, 1941.—Edgar C. Howell, having a power of appointment under his father's will, appointed the fund in trust to pay the income to his children, Edgar and Lillian, during their lives; and upon the death of either to transfer one half of the principal to the children and issue of the child so dying; and if either of the appointor's children should die without leaving children or issue living at the time of his or her death, the trust is to continue and the entire net income is to be paid "to my then surviving child to the date of his or her decease", whereupon the entire principal of the trust estate shall be paid "to the children and issue of deceased children of said surviving child". If both of the appointor's children should die without issue, the principal is given to collateral relatives.

Edgar Howell, Jr., died first and half of the estate was distributed to his children. Then Lillian died, but she left no children or issue. The auditing judge awarded to the children of Edgar, Jr., and refused to award to persons who would take in default of the exercise by Edgar, Sr., of the power of appointment given him by the will of his father. With this we agree.

If the words "then surviving" are read in their literal, usual sense, then an event has happened which is not expressly provided for. The only provision for the death of a child without issue is in the gift to the "then surviving" child for life, with remainder to the issue of such "surviving" child. But there is no child then surviving at the death of Lillian, and therefore, no issue of a child then surviving, and no one to take. Testator and his scrivener have failed to imagine and provide for all the cases which might occur. They have imagined only the case of lack of issue of the first to die. If they had used the word "other", all would have been well. On Lillian's death without issue, her fund would have gone to Edgar (the "other" child) for life, with remainder to his issue; and as Edgar is dead already the remainders would take effect effect immediately.

It has been a common error to use the word "surviving" when "other" was meant. That it is an error in this and other cases is an inescapable inference from the general plan of the will and from our knowledge of human nature, viz, that testators generally intend to treat their descendants alike and to keep their property in the hands of their own descendants if there are such; and certainly do not intend to cause property to go "out of the family" because of the accidental circumstance that child B dies first instead of child A, or vice versa.

The courts have corrected the error in numerous cases. The best rationalization of their action is thus expressed by Mitchell, C. J., in Fox's Estate, 222 Pa. 108. Speaking of the result which would follow from a literal reading of the word "surviving" he says:

"But this result is clearly not in harmony with the general intent and scheme of the testator. He treated all his daughters alike, gave each one-fourth of his estate for life with remainder to her issue. Not one of them was vested with power to break the succession of her issue in remainder and nowhere is there any indication that he intended to make any distinction among his descendants

of the second generation as to their ultimate share in his estate. That the issue of a sister dying first should thus be cut off from participation in the share of a sister dying subsequently without issue, would be giving an accidental and irrelevant fact an effect contrary to the manifest general intent and an exercise of the power withheld from the daughters themselves. As said by the auditing judge below: 'It is well settled, however, that the word survivor or surviving, will be understood as the equivalent of "other," where in any other sense it would lead to an intestacy or to inequality among those standing in the same degree of relationship to the testator, or to a distribution not in accordance with the general scheme of the will in its entirety. . . .''

Other cases following the same reasoning are: Lapsley v. Lapsley, 9 Pa. 130; Lewis' Appeal, 18 Pa. 318; Vance's Estate, 209 Pa. 561; Galli's Estate, 340 Pa. 561; as well as our own cases of Tyson's Estate, 14 D. & C. 482, and Albertson's Estate (No. 1), 28 D. & C. 139.

Another rationalization is to say that the word "survivor" or "surviving" has reference to the death of testator. Of this view the opinion in Fox's Estate further says:

"It is not necessary to resort to the artificial and arbitrary construction that 'survivors' meant survivors at the testator's death. The time in testator's mind was clearly the death of each daughter dying without issue, but he did not mean to make shares of any group of his grandchildren dependent on the accident of their mother's survival of her childless sister. The word 'other' very clearly expresses his general intent and that is the sense in which he used the word 'survivors.' "

Many cases, however, use this reasoning: Morris' Estate, 270 Pa. 120; Handy's Estate, 314 Pa. 61; Nass' Estate, 320 Pa. 380.

It is noted in Laughlin's Estate, 336 Pa. 529, that this rule of construction has been changed in many instances by statutes (none of which applies to this case) in accord-

ance with the general belief that it is not the probable intention of testator.

This rule cannot be applied to the present case because testator used the expression "then surviving" which refers, without a possibility of misunderstanding, to the survivor at the death of the first to die of his children, Edgar and Lillian: Woelpper's Appeal, 126 Pa. 562; Mulliken v. Earnshaw, 209 Pa. 226; Anderson's Estate, 243 Pa. 34; Morris' Estate, supra; Laughlin's Estate, supra.

The most realistic statement of our judgment in the present case is that we are frankly supplying something which testator omitted, being guided in doing so by compelling inference from his provision for a similar situation. In case of the death of either Edgar or Lillian without issue, he gives to the other (whom—picturing to himself the first death only—he properly calls the survivor) and the issue of the other. He makes no differentiation as to who dies first. Who can doubt that if he had pictured the situation at the time of the second death with equal clearness, he would have made a similar provision in favor of the other line of his issue?

There is another feature of this will which we think easily disposes of the matter. The final clause of the will gives the entire fund to collaterals if *both* Edgar and Lillian should die without issue. It is familiar law that a gift over in default of issue implies a gift to the issue if they exist. This gift is by implication only, but it is such a compelling inference that the courts have never hesitated to make it: Beilstein v. Beilstein, 194 Pa. 152; Bechtel v. Fetter, 267 Pa. 173; Lippincott's Estate, 276 Pa. 283; List's Estate, 283 Pa. 255; Scott's Estate, 301 Pa. 509; Clayton's Estate, 302 Pa. 468.

The exceptions are dismissed and the adjudication is confirmed absolutely.