## Wood Estate

*J. H. Ward Hinkson,* for accountants.

*Morris H. Fussell* and *William White, Jr.,* for exceptants.

VAN RODEN, P. J., July 2, 1957. — Decedent died June 24, 1927, survived by his widow and eight children.

By his will decedent devised and bequeathed his residuary estate in trust for the payment of net income unto his said widow for life, and upon her death to distribute the net income as follows:

". . . to my children living at the time of my death, and the issue of any deceased child who shall have died before my decease, leaving issue; the share of any child so dying before me, shall go to his or her issue; and if a child of mine shall die not leaving issue, the share of income of such child shall go to increase the shares of

others entitled to the income; the issue of a deceased child of mine shall take per stirpes and not per capita."

"Upon the death of my last surviving child the principal of the estate then remaining in the hands of the trustees shall then be divided among my grandchildren in equal shares. The issue of any deceased grandchild to take the share of the parent. If any grandchild die without issue, the share of such grandchild in the principal shall go to increase the shares of the others entitled to the principal; the issue of any deceased grandchild to take per stirpes and not per capita."

Decedent's widow died February 7, 1933. Thereafter, the income of the trust was distributed among the eight surviving children in equal shares.

John D. I. Wood, son of decedent, died on June 24, 1956, survived by his widow and three children.

The court has been requested to construe decedent's will in order to determine the distribution of the share of income to which John D. I. Wood was entitled during his lifetime.

It is the contention of the accountants that the said share of income of the deceased son should now be divided among testator's surviving children, to the exclusion of the issue of said deceased son.

On the other hand, counsel for the family of the late John D. I. Wood contend that the share of income to which John D. I. Wood was entitled during his life should now be paid over and distributed unto his surviving children, or in the alternative unto the executor named in the will of said John D. I. Wood.

It is clear that testator intended to create a trust which is to continue until the death of the survivor of his children. It is further clear that upon the death of said survivor, the corpus is to be distributed among testator's then surviving issue, per stirpes. It is also clear that it was decedent's intention that in the event any of his children predeceased him, said child's share

of income should go to the issue of said child, per stirpes, until the termination of the trust.

In other words, it is indisputable that with respect to a child predeceasing testator, it was not decedent's intention to augment the share of the surviving children, but rather to preserve the share of the deceased child for the benefit of issue. Likewise, the death of any grandchild, leaving issue, prior to the termination of the trust, would not result in augmenting the shares of the surviving grandchildren, but would preserve the share of the deceased grandchild for the benefit of the issue of said deceased grandchild.

Stirpital distribution was obviously favored by testator. Although the will does not expressly provide for the exact contingency which occurred, that is, the death of a child occurring after testator's death, leaving surviving issue, prior to the termination of the trust, it would be illogical and inconsistent with the general testamentary scheme of testator to preclude the issue of such child from the enjoyment of income in the interim between the death of said deceased child and the termination of the trust.

By implication, testator intended such issue to enjoy their respective share of income prior to the termination of the trust.

Gifts by implication have been recognized in our courts. In Wainwright Estate, 376 Pa. 161. (1954), it was held that where there is a gift for life to two individuals, and if they leave issue then to such issue, but if they leave no issue, then to another, and one life tenant leaves issue and the other does not, there is an implied gift to the issue of the person so dying. A distinction was made between the construction of a will to contain a gift implication and supplying a deficiency in the will. "Where a testator fails to make provision for a contingency which actually happens, courts do not have authority to insert a provision and supply

the omission under the assumption that it was the intent of the testator": Ibid., at page 163. "It is only when the language of the will expressly or by clear implication discloses the intention of the testator that the courts may carry it out": Grothe's Estate, 229 Pa. 186, 192 (1910).

In Lippincott's Estate, 276 Pa. 283 (1923), where testator provided that the income of the trust was to be divided equally between his wife and his nephew and, " 'Should either die before the other, without descendants alive at his or her decease, this share shall go to the one surviving' ", and the nephew died, leaving issue, prior to the death of testator's wife, it was held that there was an implied gift of the nephew's share of income to his issue.

In Beilstein v. Beilstein, 194 Pa. 152 (1899), where there was a devise over in case a daughter should die " 'without leaving a family' ", it was held that there was an implied devise to her family if she should leave one.

Reading testator's will as a whole and being mindful of the fact that he expressly provided for distribution of income to the issue of any child who might predecease him, that he further provided with respect to any child dying without issue, that the share of income of such child should go to increase the shares of others entitled to the income, without specifying whether such death without issue occurred prior to or after his own death, that he further provided that the issue of any deceased child should take income per stirpes and not per capita and finally provided for the distribution of the corpus unto all descendants living at the death of his surviving child, per stirpes, the court finds that it was decedent's intention, as expressed in his will, that the distribution of income and principal among his descendants, should be on a stirpital basis. The court therefore holds that in the instant case there is an im-

plied gift to the issue of decedent's son, John D. I. Wood, of the share of income which said son enjoyed during his lifetime.

Accordingly, the accountants are hereby directed to pay over and distribute unto John D. I. Wood's three surviving children, in equal shares, a one eighth share of the income from the trust fund accrued since the date of death of said John D. I. Wood.