## Gangwisch Estate.

Argued September 24, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

478

*Robert G. Sable,* with him *Baskin, Boreman, Wilner, Sachs, Gondleman & Craig,* for appellants.

*Eugene B. Strassburger, III,* with him *Charles F. McKenna,* and *Strassburger & McKenna,* for Virginia Hofman, appellee.

*Samuel Y. Stroh,* with him *Frank W. Jones,* for Pittsburgh National Bank, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 26, 1973:

Appellants herein are the income and residuary legatees of the trust estate of the decedent, John P. Gangwisch. They took exception to the decree of the auditing judge of the Court of Common Pleas, Orphans' Court Division, of Allegheny Couty, which decree was entered on January 30, 1973. Their appeal involves the interpretation of Paragraph Third of the will of John P. Gangwisch, in which he established a residuary trust.

In Subparagraph (a) of Paragraph Third, the testator provided that the trustees pay the sum of $5,000 per year out of income and principal to the testator's widow, Frances Helen Gangwisch, during her lifetime, and in addition, the testator gave the trustees the discretion to spend so much of the income and/or principal of the trustee estate, for any purpose which

the trustees believed advisable for the best interests of testator's widow.

In Subparagraph (b) of Paragraph Third, testator provided as follows: ". . . The Trustees shall pay the sum of TWENTY-FOUR HUNDRED DOLLARS ($2400.00) per year out of income, and principal if necessary, in monthly installments, to my daughter VIRGINIA G. HOFMANN, during her lifetime, and may, at their discretion, increase such annual or monthly payments if they believe it necessary or advisable for the maintenance, comfort and support of my said daughter, and her children, if any. In addition, the Trustees may expend so much of the income and/or principal of the trust estate as they shall believe necessary or advisable to meet any emergency or unusual condition confronting my said daughter, or for any purpose which the Trustees shall believe advisable for the best interests of my said daughter. PROVIDED, HOWEVER, that the payments of any increased amounts over and above TWENTY-FOUR HUNDRED DOLLARS ($2400.00) per year shall be made only after due investigation by and satisfaction of my said Trustees that the same is necessary or advisable, and that it will not in any way jeopardize the amount payable to my wife, FRANCES HELEN GANGWISCH, as aforesaid."

In Subparagraph (d) of Paragraph Third, the testator provided that upon the death of his wife, "the income from my trust estate in excess of TWENTY-FOUR HUNDRED DOLLARS ($2400.00) per year, if any, shall be paid to [the appellants] in the same proportions that the principal of my trust estate is to be distributed upon termination, as hereinafter provided."

Appellants contend that all of the discretion given the trustees in Subparagraph (b) to increase the income of Virginia G. Hofmann, testator's daughter, above $2400 per year out of income and/or principal is completely eliminated by the provisions of Subpara-

graph (d), so that after the death of her mother, on September 22, 1971, the income of decedent's daughter was strictly limited to $2400 per year and no more. The court refused to accept appellants' construction of the above-quoted provisions of the Gangwisch will. According to the court, appellants' contention was "altogether illogical and contrary to human experience." We agree with the Orphans' Court.

In interpreting a will, construction of the will which leads to an unnatural or absurd result should be avoided. *Fahey Estate,* 360 Pa. 497, 61 A. 2d 880 (1948). Here, the testator has clearly provided that the trustees could pay his daughter, during the lifetime of his widow, amounts in excess of $2400, if she needed such payments. It would make no sense to say that after her mother's death, Virginia G. Hofmann was no longer entitled to such increased payments, particularly since the $5,000 basic payment which had been earmarked for the testator's widow was now available. Appellants contend that they are the ultimate objects of the testator's bounty and that the construction that they have chosen should, therefore, be selected. See *Crozer's Estate,* 336 Pa. 266, 9 A.2d 535 (1939), and *Opperman's Estate (No. 1),* 319 Pa. 455, 179 A. 729 (1935). While they may be the ultimate beneficiaries (in the sense that, ultimately, they will inherit whatever is left of the remainder of the trust), they were not the primary beneficiaries. The organization of Paragraph Third of the Testator's will indicates that it was his widow and his only daughter, Virginia G. HOFMANN, who were the primary objects of his bounty. The testator made clear that these beneficiaries, although they were only life tenants, were entitled to as much principal as they needed in addition to the income from the trust. Consequently, there was no need to repeat in Subparagraph (d) the same discretionary language contained in Subparagraph (b). See discussion of elliptical ex-

pression in *Lippincott's Estate,* 276 Pa. 283, 288, 120 A. 136 (1923).

Appellants also suggest that the court violated their rights to due process by directing income distribution and approving the third and partial account without an evidentiary hearing. We see no error since appellants failed to file objections to the trustees' account prior to its confirmation by the court.

Decree affirmed. Costs on appellants.