## Vanderhurst v. Rice

*Gloria M. Gilman*, for petitioner.
*Abraham T. Needleman*, for respondent.

D'ALESSANDRO, *J.*, July 11, 1980—This case presents the court with a jurisdictional question of first impression under recent legislation in this Commonwealth. May a spouse invoke the Protection From Abuse Act of October 7, 1976, P.L. 1090, as amended, 35 P.S. § 10181 et seq. (hereinafter 'act'), where her former boyfriend and alleged father of her child has not lived with her for five years?

On May 5, 1980 Priscilla Vanderhurst filed a petition under the act alleging, inter alia, that one Jerry Rice had approached her on April 22, 1980 at 40th and Girard while she was in the company of her mother and her daughter and threatened to kill her. She alleged further that he had struck her and her daughter after they refused to go to the park. Ms. Vanderhurst claims that Mr. Rice is the father of her five year old daughter, Erica. The petition further indicated that Mr. Rice does not share the same residence as petitioner. Petitioner alleges that, because there has been no formal adjudication of custody, Mr. Rice may gain legal entry to her residence through the child. Failure to adjudicate the issue of custody does not give one legal access to another's residence. Therefore, this allegation is without merit. This court scheduled a hearing for May 23, 1980. At this hearing both parties were represented by counsel. Through his attorney, Mr. Rice asserted that he has not lived with petitioner since 1975. There was no admission by Mr. Rice

that he is the natural father of petitioner's daughter. Petitioner's prayer for relief was that this court exercise its power granted by the act to enjoin Mr. Rice from abusing her and her child and prohibiting any contact with her residence, awarding temporary custody to her, and ordering Mr. Rice to pay temporary support.

A petitioner must prove her allegation of "abuse," defined at 35 P.S. §10182, at a hearing by a preponderance of the evidence: 35 P.S. §10185. At the outset of this hearing Mr. Rice made a motion to dismiss the petition. This court granted leave to him to file a petition to dismiss this action and allowed a responsive pleading by Ms. Vanderhurst. These papers have been received and the well-reasoned arguments therein have been considered. In essence, respondent, Mr. Rice, states that the act is inapplicable to him as he does not come within its jurisdictional ambit. This act is predicated upon protecting an individual from abuse suffered at the hands of "family or household members *who reside together.*" 35 P.S. §§10182 and 10184 (emphasis supplied).

When the words of the statute are clear and free from ambiguity their letter will not be disregarded on the pretext of pursuing its spirit: Statutory Construction Act of 1972, 1 Pa.C.S.A. §1921(b). The test to determine whether the exercise of jurisdiction is proper "is the competency of the court to hear and determine controversies of the general class to which the case presented for consideration belongs." In re Jones & Laughlin Steel Corp., 488 Pa. 524, 412 A. 2d 1099 (1980). Thus, our inquiry is whether respondent herein is within that classification of individuals envisioned when the legislature gave this court jurisdiction over all proceedings under the act. See 35 P.S. §10183. Based upon the

facts here this court does not have jurisdiction over the parties to entertain the matter under the act. Under the act, "Family or household members" means, inter alia, either "persons living as spouses" or "parents and children." Even if we were to assume, arguendo, that Mr. Rice was the natural father of petitioner's child, there remains an insurmountable jurisdictional barrier. As a prerequisite it must first be shown that both petitioner and the party complained of "reside together." In a recent case our Superior Court's interpretation of this act's purpose confirmed this residency requirement: Cipolla v. Cipolla, 264 Pa. Superior Ct. 53, fn. 1, 398 A. 2d 1053, fn. 1 (1979). This requirement is not unusual in light of the harm sought to be corrected through this legislation. Our courts have traditionally interpreted familial relationships to require that element.[1] Under the facts developed in this matter Mr. Rice has not lived with the petitioner since 1975[2] and resides separate and apart from both her and her child. He does not have custody of the child and if he desires to assert such a claim he must file an appropriate action with the family division of common pleas court.[3]

1. Our Supreme Court has said that "family" is not a technical word; "it includes all the persons of the same blood who are dwelling together in one household, and in many cases even the condition of the same blood is not requisite . . ." Beilstein v. Beilstein, 194 Pa. 152, 155, 45 Atl. 73 (1899).

2. It appears that Mr. Rice was incarcerated during this period. However, that alone would not constitute a constructive residence with petitioner sufficient to constitute residing together under the act.

3. See Uniform Child Custody Jurisdiction Act of June 30, 1977, P.L. 29, 11 P.S. §2301 et seq.; Commonwealth Child Custody Jurisdiction Act of April 28, 1978, P.L. 108, 11 P.S. §2401 et seq.

If petitioner is to have recourse for the alleged acts of Mr. Rice she must proceed through private criminal complaint under Pa.R.Crim.P. 51(A)(4).

For the purposes of this decision it was assumed that Mr. Rice could be the father of petitioner's child. In a proceeding under the Protection From Abuse Act this court is *not* the proper forum to decide the paternity of the child. See 18 Pa.C.S.A.

## ORDER

And now, July 11, 1980, it is ordered and decreed that the petition filed by Priscilla Vanderhurst under the Protection From Abuse Act on May 5, 1980 is dismissed for lack of jurisdiction and the temporary order entered therein is vacated.